## JOHNSON v. FRASER.

### No. 12771.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 11, 1933.

Rehearing Denied March 11, 1933.

Bonner, Bonner & Childress, of Wichita Falls, for plaintiff in error.

Bullington, Humphrey & King, of Wichita Falls, for defendant in error.

LATTIMORE, Justice.

This case is before us without any statement of facts on writ of error from judgments of the trial court on a suit by a partner to dissolve and wind up the affairs of a partnership. The judgments of the trial court established the interests of the parties and that appellant had withdrawn from the partnership more than his share of the income; that the property was incapable of partition, named a receiver with instruction to take possession of and sell the partnership assets, pay the creditors, if sufficient was realized, repay the appellee his portion of the income

which appellant had taken, and wind up the partnership under further order of the court.

The receiver reported to the court that appellee offered to purchase the property for the mortgage liens against it and recommended the sale. The appellant was offered the property on the same basis but did not accept. Thereupon after some time had elapsed the court approved the sale. A part of the mortgages were for the personal debts of appellant.

■ We see no reversible error in the fact that the judgment provided for a receiver and also awarded an execution against appellant. No execution has issued and no interference with the receivership administration resulted. The property did not bring enough to pay the judgment of appellee and execution for same could issue properly after the receivership had been thus closed.

The record does not affirmatively show that the receiver's administration was regular. There is no showing that the sale was the best obtainable, nor what efforts were made to find a purchaser or that the price obtained was fair value, but the appellant made no contest on any of these, offered no evidence to show that the same was unjust or that any better sale could or should have been made.

■ We must presume, in absence of evidence to the contrary, that the trial court and his officer, the receiver, each did his duty; that the court found that each of these duties had been performed; that the receiver had been diligent to obtain the best purchaser; and that the sale made was the best obtainable.

The judgment is affirmed.